[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Chantel Jenkins appeals a decision of the defendant commissioner of the department of social services denying her application for benefits under the Child Care Certificate program ("CCC"). The department acted pursuant to General Statutes § 17b-749 and Regs., Conn. State Agencies § 8-210b-10. This appeal is authorized by General Statutes § 4-183.
The facts essential to the court's decision are undisputed and fully reflected in the record. The plaintiff, a full time high school student, received CCC benefits for the school year 1993-1994. CCC is a program authorized by 42 U.S.C. § 9801 et seq. and funded through block grant by the federal government to provide funds for child care assistance to low income parents. This program is administered in Connecticut pursuant to General Statutes § 17b-749.
On May 1, 1994, because the plaintiff had recently become emancipated from her mother, the department awarded the plaintiff Aid to Families with Dependent Children ("AFDC") benefits on her own award and terminated her AFDC benefits as a part of her mother's household. In June 1994, pursuant to Regs., Conn. State CT Page 7804 Agencies 8-210b-14 (g) the plaintiff notified the department that she was changing her child care provider. That regulation provides that the "[p]rogram participant shall report to the department within fifteen 15 days any changes in . . . provider. . . ." Id. The plaintiff therefore filed with the department a request to transfer CCC payments from her current child care provider to her new child care provider.
On July 11, 1994, the department notified the plaintiff that her application for CCC benefits to be paid to the new provider was denied. The department terminated all CCC payments on behalf of the plaintiff effective June 13, 1994. The department's notice to the plaintiff read in relevant part as follows:
 This is to inform you that the department of social services has denied your application for the Child Care Certificate Program. The denial has been made for the following reason(s) . . . Day care cost can be met by another DSS program . . . If you do not understand this notice, or if you have any questions concerning this action, please contact me. Worker: Benzenia Cox Phone: 789-7607.
On August 5, 1994, the plaintiff requested a fair hearing to contest the discontinuance of her CCC benefits. On September 21, 1994, the department conducted a hearing before a hearing officer designated by the commissioner to render a final decision.
At the fair hearing, the department's witness, Benzenia Cox, testified that the plaintiff lost her eligibility for CCC benefits when the department granted her AFDC benefits on May 1, 1994. Cox testified that, as an AFDC recipient, the plaintiff would be qualified for day care benefits under another program the department manages, Job Connection. Cox testified that, pursuant to CCC program rules, a person is no longer eligible for CCC benefits if the person is eligible for other federal or state child care funds.
On October 6, 1994, the hearing officer rendered a final decision affirming the department's denial of CCC CT Page 7805 benefits to the plaintiff. The hearing officer concluded:
 [T]he regional office was correct in denying the appellant's application for the Child Care Certificate program. The appellant has been an AFDC recipient since May 1, 1994. As an AFDC recipient, she qualifies for child care funds for the Job Connection program. As she qualifies for those funds, she no longer qualifies for the CCC program.
The plaintiff raises two distinct claims in her appeal to this court: (1) that the department was required to provide uninterrupted child care benefits when it terminated the plaintiff's CCC benefits on the basis of the plaintiff's eligibility for benefits under another program administered by the department, and (2) that the maximum reimbursement rate for child care benefits provided to the plaintiff under the Job Connection program is unreasonably less than the actual cost of child care and, therefore, in violation of federal law.
The court agrees with the plaintiff that the department wrongfully interrupted her child care benefits.
Both federal and state regulations contemplate the provision of uninterrupted benefits to a qualified beneficiary. 45 C.F.R. § 98.1 provides, in relevant part:
 (a) The purpose of the Child Care and Development Block Grant is to increase the availability, affordability, and quality of child care services. The program offers federal funding to states . . . in order to: (1) provide low income families with the financial resources to find and afford quality child care for their children; (b) The purpose of these regulations is to provide the basis for the administration of the Block Grant. These regulations provide that [the state]: . . . (8) Design programs which provide uninterrupted service to families andCT Page 7806 providers to the extent statutorily possible.
(Emphasis added).
The department's own regulations indicate that it terminated the plaintiff's CCC benefits prematurely and without sufficient notice. In this regard, Regs., Connecticut State Agencies § 8-210b-21a(e) provides that "[p]rior to a reduction, suspension, or discontinuance of payment, the department shall give the program participant ten days written notice of the proposed change and the right to a fair hearing . . ." If the department had effectively complied with this directive, the plaintiff would have had the time and opportunity to secure the Job Connection benefit to take effect immediately upon termination of the CCC benefit.
The department argues that the notice provisions of the regulations cited above are not relevant in this case because it regarded the plaintiff's request to transfer CCC payments to a different provider as a new application for benefits. But this argument is specious at best. The plaintiff was not applying for benefits at that time; she was already receiving them. The only reasonable interpretation of the termination of CCC benefits and the failure to commence the Job Connection benefits simultaneously is that it was the result of an administrative SNAFU. Indeed, the department's case worker, Ms. Cox, testified at the fair hearing as follows:
 the CCC worker naturally assumed that they had informed Chantel of the Job Connection services and that she was granted since May first, there was ample time for her to have a referral to Job Connection. . . . we do not normally just throw someone off a program. What happened, as I said, we assumed she had been informed by her eligibility service worker in advance of the discontinuance. That is usually the way it happens.
The court concludes that the department was required to provide the plaintiff with some notice that she was no longer eligible for CCC benefits, because of her CT Page 7807 eligibility for Job Connection benefits, before it terminated her CCC benefits. To hold otherwise would be to perpetuate the paradoxical situation in which the plaintiff has been placed: she has had her CCC benefits terminated without notice sufficient to allow her to enroll in an alternative child care program, the existence of which was the basis for the termination of the CCC benefits. Such a situation is obviously and entirely inimical to the stated purpose of the block grants; that is, to provide uninterrupted service to families and providers.
The court further concludes that the plaintiff's petition to transfer benefit payments to another child care provider did not relieve the department of the obligation to provide notice of the proposed termination of benefits. Accordingly, the plaintiff's appeal must be sustained with respect to the interruption of child care benefits.
The plaintiff may not prevail on her claims concerning the adequacy of benefits under the Job Connection program. A person seeking to challenge or invalidate a regulation or statute that is administered by a state agency must do so by petitioning for a declaratory ruling in accordance with the provisions of General Statutes § 4-176. Housing Authority v. Papandrea,222 Conn. 414 (1992). The person may not do so simply by appealing a decision of the agency that is based on the regulation or statute.
The plaintiff's appeal is dismissed with respect to her claims concerning the adequacy of the Job Connection program. The appeal is sustained with respect to her claims concerning the interruption of benefits for which she was eligible. In accordance with § 4-183 (k), the case is remanded to the department with instructions the the department reinstate and pay the plaintiff CCC benefits for the period from June 13, 1994 to July 21, 1994 (ten days after the July 11 notice) and pay her Job Connection benefits commencing July 22, 1994 so long as she continues to be eligible therefor.
Counsel for the parties in this case, including the law student intern, presented briefs and oral argument CT Page 7808 that were thoughtful and comprehensive and which were especially helpful to the court in reaching its decisions on the issues.
MALONEY, J.